IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ERIC DE'JUAN JONES                                                               PETITIONER

VS.                                                  CIVIL ACTION NO. 4:12cv138-DPJ-FKB

WARDEN BARTLEY GRIMES, et al.                              RESPONDENTS

## **REPORT AND RECOMMENDATION**

This is an action for a writ of federal habeas corpus pursuant to 28 U.S.C. § 2254 filed by Eric De'Juan Jones. Presently before the Court is Respondents' motion to dismiss the petition for failure to exhaust state remedies. Having considered the motion and Jones's response, the undersigned recommends that Respondents' motion be granted and that the petition be dismissed without prejudice so that Jones may exhaust his state remedies.

Jones pleaded guilty to a charge of possession of cocaine in the Circuit Court of Lawrence County, Mississippi and was sentenced to a term of sixteen years, with ten years suspended pending successful completion of five years of post-release supervision. In April of 2008, following his initial release from custody, his post-release supervision was revoked due to failure to report, testing positive for marijuana, and refusing to submit to a urinalysis. He was sentenced to serve the remaining ten years of his sentence.

In his § 2254 petition, Jones challenges neither his original conviction and sentence nor the revocation of his earned release supervision. Rather, he contends that his detention is unconstitutional because he has been unlawfully deprived of two years and 350 days of earned time, time which was apparently deducted for several rule violation

reports.

Before federal habeas relief may be granted, a prisoner must exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is satisfied if the substance of the federal claims set forth in the habeas petition has been fairly presented to the state's highest court in a procedurally proper manner and the state court has been given a fair opportunity to pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999). According to Respondents, Jones currently has a post-conviction petition challenging his loss of earned time pending in the Circuit Court of Lawrence County. However, because his claims have not yet been presented to the Mississippi Supreme Court in a procedurally proper manner, they remain unexhausted. For this reason, the undersigned recommends that Respondents' motion be granted and the petition be dismissed without prejudice so that Jones may complete exhaustion of his state court remedies.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 10th day of January, 2013.

                                            /s/ F. Keith Ball
                                            UNITED STATES MAGISTRATE JUDGE