IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ERIC DE'JUAN JONES                                                          PLAINTIFF

v.                                                    CIVIL ACTION NO. 4:12CV138-DPJ-FKB

WARDEN BARTLEY GRIMES, et al.                                          DEFENDANTS

ORDER

        This petition for writ of habeas corpus is before the Court on the Report and

Recommendation [22] of Magistrate Judge F. Keith Ball.  Judge Ball recommended dismissal

without prejudice for failure to exhaust.  Jones filed an objection [23], in which he acknowledged

that he has not exhausted his state-court remedies but asked the Court to excuse that failure

because the state courts have delayed ruling on his pending post-conviction petition and because,

according to him, once his earned time is credited back to him, he is due to be released on

February 20, 2013.  The Court, having fully reviewed the Report and Recommendation and

Jones's Objection, finds that said Report and Recommendation should be adopted as the opinion

of this Court.

        "Appellants seeking habeas relief under § 2254 are required to exhaust all claims in state

court prior to requesting federal collateral relief."  *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir.

1999) (citation omitted).  Exhaustion requires a habeas petitioner to "fairly apprise the highest

court of his state of the federal rights which were allegedly violated . . . in a procedurally correct

manner."  *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (citations omitted).  "The

exhaustion requirement is excused only in those 'rare cases where exceptional circumstances of

peculiar urgency' mandate federal court interference."  *Deters*, 985 F.2d at 795 (citing *Ex parte*

*Hawk*, 321 U.S. 114, 118 (1944)).  Exhaustion may not be required "when the state system

inordinately and unjustifiably delays review of a petitioner's claims so as to impinge upon his due process rights." *Id.* (citations omitted).  "Noncompliance with the exhaustion doctrine is excused only if the inordinate delay is wholly and completely the fault of the State; the petitioner's hands must be clean." *Hansen v. Thaler*, No. 12-20343, 2013 WL 211576, at *1 (5th Cir. Jan. 18, 2013).

In this case, Jones filed a PCR petition with the Circuit Court of Lawrence County on October 1, 2012.  Having heard nothing from that court, on December 3, 2012, Jones filed a petition for a writ of mandamus with the Mississippi Supreme Court.  At this point, the Mississippi Supreme Court has not yet been given a procedurally-proper fair opportunity to pass upon the merits of Jones's claims, and his federal claims are therefore premature.  And the minor delay about which Jones complains does not, in and of itself, "impinge upon [Jones's] due process rights" so as to excuse exhaustion.  *See Johnson v. Roberts*, No. 96-60153, 1996 WL 405773, at *2 (5th Cir. July 1, 1996) (explaining that delays of fifteen months or more presumptively impinged upon petitioners' due process rights).  Jones's petition will be dismissed without prejudice so that he may complete exhaustion of his state court remedies.

IT IS, THEREFORE, ORDERED that the Report and Recommendation of United States Magistrate Judge F. Keith Ball be, and the same is hereby, adopted as the finding of this Court. Jones's claims are dismissed without prejudice.

**SO ORDERED AND ADJUDGED** this the 12th day of February, 2013.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

2